IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01240-WDM-CBS

ANTHONY T. MARULLI,
    Plaintiff,
v.

MR. JAY ARNOLD, VP, Human Resources, and
BAX GLOBAL, INC.,
    Defendants.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This case is before the court on: (1) Marulli's "Motion for Default Judgment" (filed September 8, 2005) (doc. # 15); (2) Defendant Arnold's Motion to Dismiss (filed September 8, 2005 ) (doc. # 12); and (3) Marulli's Motion to Strike Arnold's Motion to Dismiss (filed September 13, 2005) (doc. # 18).  Pursuant to the September 8, 2005 Order of Reference (doc. # 16) and the memoranda dated September 8, 2005 (doc. # 17) and September 14, 2005 (doc. # 20), the Motions were referred to the Magistrate Judge.  The court has reviewed the Motions, the entire case file and the applicable law and is sufficiently advised in the premises.

    First, Marulli asks "that the Court issue a Default Judgment against Defendant" Jay Arnold.  Under the Federal Rules of Civil Procedure, entry of a default is a prerequisite to entry of a default judgment.  *Ramada Franchise Systems, Inc. v. Baroda*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (citation omitted).  *See also* Fed. R. Civ. P. 55(a) and (b).  Thus, the

court treats Marulli's Motion as a request for entry of default pursuant to Fed. R. Civ. P. 55(a). Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Here, Defendant Arnold has "otherwise defend[ed]" by the filing of a motion to dismiss on September 8, 2005. Marulli's Motion is properly denied.

Second, Marulli asks the court to strike Defendant Arnold's Motion to Dismiss "due to the statement made by the Defendants [sic] attorney on page 6. . . ." While Marulli is entitled to present his arguments against Defendant Arnold's Motion, he has not established a proper basis for striking Defendant Arnold's Motion to Dismiss.

Accordingly, IT IS ORDERED that:

1.   Marulli's "Motion for Default Judgment" (filed September 8, 2005) (doc. # 15), treated as a request for entry of default pursuant to Fed. R. Civ. P. 55(a), is DENIED.

2.   Marulli's Motion to Strike Arnold's Motion to Dismiss (filed September 13, 2005) (doc. # 18) is DENIED.

3.   Marulli may file his response to Defendant Arnold's Motion to Dismiss (filed September 8, 2005 ) (doc. # 12) **on or before September 30, 2005**.

DATED at Denver, Colorado this 15th day of September, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge